# CHARLESTON.

## McDermitt v. Forbes.

Submitted February 15, 1910.    Decided April 25, 1911.

1. APPEAL AND ERROR—*Review—Bill of Exceptions—Exclusion of Evidence.*

    If written evidence offered is excluded by the trial court, it should be made a part of the record by a bill of exceptions, if the party offering it desires to have the action of the trial court in excluding it reviewed on writ of error. (p. 269).

2. EJECTMENT—*Evidence—Commissioner's Deed.*

    A special commissioner's deed, not recorded for as much as ten years, and unaccompanied by any portion of the record of the cause in which it purports to have been made, is not even *prima facie* evidence of title. (p. 270).

3. SAME—*Title of Plaintiff—Ouster by Trespasser.*

    A plaintiff who has been in peaceable possession of land, and who is entered upon and ousted by a mere intruder or trespasser having no semblance of right or claim to the land, may recover in ejectment without proof of legal title. (p. 270).

4. SAME—*Evidence—Directing Verdict.*

    If the evidence upon a trial in ejectment is sufficient to warrant the jury in believing that defendant was a mere trespasser upon plaintiff's previous quiet possession of land, it is error for the court to direct a verdict for defendant, even though plaintiff has failed to prove legal title. (p. 270).

Error to Circuit Court, Mason County.

Action by George McDermitt against Lewis Forbes. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*John L. Whitten* and *B. H. Blagg,* for plaintiff in error.

*J. E. Beller,* for defendant in error.

Williams, President:

McDermitt brought ejectment against Forbes in the circuit court of Mason county, and the court, on motion of defendant, excluded plaintiff's evidence from the jury, directed a verdict for the defendant, and entered judgment thereon; and plaintiff has brought the case here on writ of error. The action involves title to a tract of about two acres of ground. Plaintiff claims title by two sources; first, by a special commissioner's deed executed to him July 1, 1908; and second, by long continued adverse possession by himself, and by others under whom he claims. The two acres is enclosed by fence; it has an orchard and stable upon it, and has been in actual use and occupancy for thirty or forty years, by those under whom plaintiff claims.

Plaintiff offered in evidence the special commissioner's deed, and the court excluded it. An objection was made and an exception noted on the record, and the deed also appears in the record; but it does not appear that the court was asked to incorporate the deed in the bill of exceptions. The first assignment of error relates to the exclusion of the deed, and we are confronted with the preliminary question whether it is a part of the record or not. The following memorandum was made in the bill of exceptions by the judge at the time he signed it, to-wit: "The deed was not filed in the papers and is not in the papers at this time and the court was not asked to put it in a bill of exceptions and did not do so and the court cannot say whether the following is a correct copy or not." The deed which appears in the record corresponds to the description of the deed that was offered, by date, consideration paid, etc. But, in view of what we are about to say, we do not think it necessary to decide whether the deed is, or is not, a part of the record. If plaintiff was not prejudiced by its exclusion the question becomes immaterial.

It appears in the record, otherwise than by the deed itself, that the deed which was offered was dated July 1, 1908, and was made by a special commissioner of the court; but no part of the record of the suit, or proceeding, in which the land was sold appears in this record. The record was offered, and was excluded by the court and an exception taken, but the excluded record is not made a part of the record in the present case. We

are unable, therefore, to see whether or not the court erred in excluding it; we do not know what the record which was excluded contained, and cannot say it was error to exclude it. It is necessary that error should affirmatively appear, and so far as the action of the court relates to the excluding of the record, it is not made to appear that it erred. The title to the land may have been before the court, and it may have been properly disposed of in that proceeding, in which case the record would have been proper evidence in this case. But the record may have been excluded because it showed that the title to the land in question was not before the court in that proceeding, or because of some other irregularity. The deed should have been made a part of the record in this case by a bill of exceptions, but was not.

There being no error shown in excluding the record as evidence, it follows that there was no prejudicial error in excluding the commissioner's deed as evidence. The deed was made under authority of decrees rendered in that case; its recitals, even if we are authorized to consider the deed as part of the record, are not sufficient proof of the facts recited to make the deed evidence of title; *Feder, Adm'r.,* v. *Hager,* 64 W. Va. 452; *Wilson* v. *Braden,* 48 *Id.* 196; *Bank* v. *Higginbotham,* 54 *Id.* 137; and the deed is of too recent date to be of any service to plaintiff as color of title. Section 2, chapter 76, Acts 1907, dispenses with proof of the authority of the commissioner to make the deed; presumptively the commissioner had authority. But in order to be even *prima facie* evidence of title, unsupported as it is by the record of the cause, the deed must have been recorded for at least ten years; and not having been recorded for ten years, and not being accompanied by the record, so as to show that the title was properly before the court and was properly disposed of by it, the deed was not evidence of title; and it was not prejudicial error to exclude it.

But the court erred in excluding plaintiff's parol evidence from the jury. There was testimony tending to prove that plaintiff was in possession of the land, and was entered upon and ousted by defendant; that plaintiff was claiming under Stover from whom he held a deed to an undivided half interest in a tract of nine acres adjoining the land in dispute; that the two acres was considered as a part

of the nine acres; and that it had been occupied and used continuously by plaintiff and those under whom he claims, for a long period of time, more than thirty years. It does not appear by 'what right defendant claims the land; he offered no evidence. There is also testimony tending to prove that defendant was a mere trespasser. Plaintiff says that he had plowed up a part of the ground, and that defendant came upon the land and took possession of it and planted what he had plowed. If defendant is a mere trespasser, having no semblance of right, the plaintiff can recover in ejectment upon his previous peaceable possession, without proof of title. *Tapscott* v. *Cobbs,* 11 Grat. 182; *Witten* v. *St. Clair,* 27 W. Va. 771.

It was error to strike plaintiff's oral evidence from the jury; and the judgment will be reversed, the verdict of the jury set aside, and the case will be remanded for a new trial.

<div align="right">

*Reversed and Remanded.*